**ORDERED in the Southern District of Florida on** 09/03/10.



Raymond B. Ray, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

| | |
|---|---|
| In re: | Case No. 08-27202-BKC-RBR |
| HOWARD A. LEVINE, | Chapter 13 |
| Debtor_____/ | |
| ALISSA LEVIN, et al. | Adv. Proceeding No. 09-01186 |
| Plaintiffs | |
| vs. | |
| HOWARD A. LEVINE | |
| Defendant_____/ | |

## ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIMS

THIS MATTER came before the Court for a continued hearing on August 12, 2010, on the Debtor's Objection to Claims [D.E. 114] wherein the Debtor objects to the priority of nine (9) wage claims of its former employees. The claimants filed suit in U.S. District Court for the Southern District of Florida in October 2008, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, in Case No. 2008-61730-Civ-Hurley/Hopkins. Shortly thereafter, on

November 12, 2008, the Debtor filed a chapter 13 bankruptcy which automatically stayed the district court action.

At first, the Debtor objected to the wage claims receiving priority in their full amount. The Debtor subsequently changed its position and only objected to the claimants' attorney's fees receiving priority as part of the wage claims. This Court granted stay relief for the parties to proceed in district court because it deemed the priority issue as not ripe until the fee amount in question was liquidated.

After the district court reopened its case, the parties negotiated a settlement agreement which the district court approved. Paragraph 7 of the agreement provided that: "The parties also agree that the Plaintiffs are entitled under the FLSA to payment of their costs and reasonable attorney's fees, and accordingly, the Defendants agree to pay all costs and attorney's fees needed in this action to date, in an amount to be determined by the Court." Magistrate Hopkins entered an eleven (11) page report and recommendation which the district court also approved, along with a fee award totaling $25,890.00 in attorney's fees.

The claimants amended their individual claims in the chapter 13 to include the award of attorney's fees pro rata. The Debtor objects to the inclusion of the attorney's fees as part of the claimants' priority wage claims. He argues that attorney's fees incurred in connection with claimants' wage claims are not entitled to priority status under 11 U.S.C. § 507(a)(4)(A).

After hearing argument, and reviewing the case law and file, this Court agrees with the Debtor. Wage claims are those for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual . . . ." *Id.* Attorney's fees are not provided for. *See Securities Investor Protection Corp. v. C.J. Wright & Co. (In re C.J. Wright & Co.)*, 183 B.R. 305, 307 (Bankr. M.D. Fla. 1995) (holding that "[a]ttorney's fees, interest, and costs are not included as priority claims"); *see also In re Hutchinson*, 223 B.R. 586, 588 (Bankr. M.D. Fla. 1998) (holding that "priority for attorneys' fees would be contrary to the rule that

priorities should be given a strict interpretation"). Although the Debtor entered into the settlement agreement and also caused fees to be incurred by the creditors during the administration of the Debtor's estate, the portion of attorney's fees should be treated as a nonpriority claim.

It is therefore

**ORDERED** that the Debtors Objection to Claims [D.E. 114] is **SUSTAINED** and claims 15-3 through 23-3 are allowed priority only to the extent the claims are "wages, salaries, or commissions." The attorney's fees claim shall be allowed as a general unsecured claim.

###

The Clerk shall furnish copies to:

Debtors
Michael A. Levin, Esq.
John D. Segaul, Esq.
Robin Weiner, Trustee